BENDER v. ROSS.

1. DISTRESS—RENT—DAMAGES—THE STATUTE OF MARLBRIDGE, providing an action for damages for excessive distress for rent, is not of
force in this State, and no action lies for such distress.
2. PETITION FOR REHEARING dismissed.

Before TOWNSEND, J., Charleston, November, 1896. Affirmed.

Action by John F. Bender against Mary Jane Ross and
Thomas P. DeGafferelly, for damages for excessive distress
for rent. Judgment of nonsuit. Plaintiff appeals.

*Messrs. Thomas B. Curtis* and *W. St. Julien Jervey*, for
appellant, cite: 52 Hen. III., c. 4; 2 Stat., 418; 1 Bur., 590;
2 Strange, 851; Code, 89; 14 Stat., 106; Rev. Stat., 1872,
pp. 767, 768, 778; 16 Stat., 264, 511; 10 S. C., 471.

*Messrs. McCradys & Bacot*, contra, cite: 2 Strange Rep.,
851; 2 Stat., 401, 403, 404, 411, 412, 418, 420, 422, 530,
547, 549, 552, 572; 7 Stat., 211; 5 Stat., 565; 6 Stat., 328,
387, 486; Rev. Stat., 1872, p. 436; 16 Stat., 264, 511; 10
S. C., 471; Gen. Stat., 2737, 2738, 2739, 2740.

The opinion was filed July 28, but remittitur stayed until
Dec. 14, 1897. The opinion of the Court was delivered by

MR. JUSTICE POPE. This action was begun by the service of a summons and complaint upon the defendants on
the 2d day of September, 1896, "and is an action for damages sustained by reason of unreasonable and excessive distress"—the quotation is made from the "Case." It seems
that the plaintiff was the owner of a hobby horse "merry-
go-round," and while in the city of Charleston, in this State,
rented a parcel of land from the defendant, Ross, upon which
to operate the same. Owing the defendant, Ross, $27.50 for
rent in arrear, the defendant, DeGafferelly, as her bailiff, under
a distress warrant for rent in arrear, seized the property of the
plaintiff on said premises, which he alleged was of the
value of $1,985.50, and sold the same, the proceeds

of such sale only paying the rent and the expenses incident to the seizure and sale thereof. The sale was made in April, 1896, and afterwards this action was begun to recover $5,000 damages, for that such seizure, under distress for rent, was unreasonable and excessive. The complaint set out the foregoing facts. The answer of defendants was a general denial. The action came on for trial before his Honor, Judge Townsend, and a jury on the 25th day of November, 1896. The defendants submitted the following demurrer: "The defendants demur to the complaint herein, and object that it does not state facts sufficient to constitute a cause of action, and, therefore, move to dismiss the same upon the ground that so-called 'unreasonable and excessive' distress is no injury, and, consequently, no action lies therefor in this State." The Circuit Judge sustained the demurrer, and passed an order to that effect, together with a dismissal of the complaint. Thereupon the plaintiff appealed to this Court upon five exceptions, which raise two questions: First. That his Honor was in error in holding that the Statute of Marlbridge was not now of force in this State. Second. That his Honor erred in dismissing the complaint, even if the Statute of Marlbridge was not now of force in this State, for that in his complaint the plaintiff had alleged a loss or damage to his property by the defendants in a wrongful way, and, therefore, was entitled to a hearing in Court thereon.

Is the Statute of Marlbridge of force now in this State? The pertinency of this question to plaintiff's action is evident the moment it is remembered that under the common law there is no restriction upon the landlord's right to distrain for his rent all of the tenant's property on his premises. It was to remedy this evil that the Statute of Marlbridge (52 Henry III., chap. 4), was enacted. "He that taketh great and unreasonable distress, shall be grievously amerced for the excess of such distress." This English statute was made of force in this State in the year 1712, 2 Stat. at Large, 418, and so remained operative, until the year 1868

it was provided: "Section 20. Distress for non-payment of rent, as heretofore existing, is abolished," Stat. at Large, XIV., 106, which was re-enacted in the same words in the Revised Statutes passed in the year 1872. See chapter 84, section 15, p. 436. By this legislation all laws—common and statute—providing for distress for rent in this State were abolished. This state of the law continued until the year 1877, but in that year it was enacted by the General Assembly of this State that "The first ten words of section 20 of an 'act to regulate attachments,' approved September 24th, 1868, be stricken out, and the rights and remedies in such cases existing before the passage of said act are hereby restored." XVI. Stat. at Large, 264. By this legislation, in *Mobley* v. *Dent*, 10 S. C., 471, it was decided that the whole law touching and regulating distress for rent as it existed prior to September, 1868, in this State, was fully restored. The Statute of Marlbridge was thus restored to our law. The General Assembly in 1878 (XVI. Stat. at Large, 511,) enacted as follows: "An act to restore the remedy of distress for rent. Be it enacted, &c., That section 15, chapter LXXXIV. of the General Statutes, and so much of chapter CXLVII. as repeals an act for the better security of rents, and to prevent frauds committed by tenants, made of force in this State on the 12th day of December, in the year of our Lord 1712, be and the same are hereby repealed; and the said act, entitled 'An act for the better security of rents, and to prevent frauds committed by tenants,' is hereby re-enacted and made of force in this State: *Provided*, that no property shall be seized under a distress warrant for rent, except such as belongs to the tenant in his own right." Section 15 of chapter 84 of the General Statutes of 1872 has already been stated. That part of chapter 147 of the General Statutes of 1872, referred to in the act just quoted in its entirety, is the repeal of the act of 1712 by its title, to wit: "An act to put in force in this Province the several statutes of the Kingdom of England or South Britain therein particularly mentioned."

This act of 1712 contained the Statute of Marlbridge and the Statute 8 Ann, in relation to distress for rents. Thus it appears that the act of 1878 only restored so much of chapter 147 of the General Statutes as covered the Statute of 8 Ann, and left out as if by intention any reference to the Statute of Marlbridge. Appellant suggests that this is no real difficulty, because the act of 1877 had already restored the Statute of Marlbridge to the statutes of this State in full force and virtue. But the respondent replies to this argument, that the language of the act of 1878 excludes any such conclusion, and even if it was left in doubt as to what the intention of the legislature really was in this connection, that the General Statutes, which were enacted as an act by the General Assembly in the year 1882, in chapter LIX., by the several sections therein contained, re-enact some of the English statutes on the subject, but do not re-enact the Statute of Marlbridge; and in section 2738, the common law not repealed or amended is continued of force here; and in section 2739, "all acts and parts of acts the provision whereof are re-enacted in this act, or are inconsistent with or repugnant to this act, are hereby repealed." It seems to us that the legislative intent to repeal the Statute of Marlbridge is evident, and, therefore, without pursuing the subject any further, we may say that we are satisfied with the conclusion of the Circuit Judge.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

PER CURIAM. After a careful examination of this petition for rehearing, the Court is unable to discover that any material fact or principle of law has either been over-looked or disregarded; for while it is true that the question whether the plaintiff could maintain his action at common law was not *formally* considered in the opinion filed in the case, yet the Court did fully consider that question in reaching the conclusion that the judgment of the Circuit Court should be affirmed. Hence we see no

sufficient reason for granting a rehearing.    It is, therefore, ordered, that the petition be dismissed, and the stay of the *remittitur* heretofore granted be revoked.