## 11171

### STATON v. GUILLEBEAUX ET AL.

#### (116 S. E., 443)

1. EXECUTORS AND ADMINISTRATORS—RULE STATED AS TO PERSON ENTITLED TO RENT ON LANDLORD'S DEATH.—Where a landlord dies intestate before the rent becomes due, the rent goes to the heir; and, where landlord dies testate, the rent goes to devisee.

2. EXECUTORS AND ADMINISTRATORS—DEVISEE AND NOT EXECUTRIX ENTITLED TO ENFORCE CLAIM FOR RENT.—In the absence of a power expressly conferred by will, the right to collect and enforce a claim for rent is in devisee and not executrix.

3. LANDLORD AND TENANT—ASSIGNMENT OF UNPAID RENT DOES NOT CARRY RIGHT TO DISTRAIN.—The mere assignment of unpaid rent, does not carry the right to distrain.

Before SEASE, J., McCormick, 1922. Reversed.

Action by Sim Staton against Clara Guillebeaux as Executrix of the will of Alex Guillebeaux, deceased, and another. From a directed verdict for defendants the plaintiff appeals.

*Mr. F. A. Wise,* for appellant, cites: *Executors and administrators cannot distrain for rents due at death of testator:* Cheves, 250; 2 Speer L., 512.

*Mr. Joseph Murray,* for respondent.

March 27, 1923.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Action in claim and delivery by Sim Staton against Clara Guillebeaux and E. B. Sharpton for the recovery of 1,700 pounds of lint cotton. The defendant seized the cotton for rent of a two-horse farm due by plaintiff to Alex Guillebeaux payable on November 1, 1920; the said Alex Guillebeaux having died July 4, 1920. The seizure of the cotton was made November, 15, 1920, by the defendant, E. B.

NOTE: As to right to rents on lease of intestate's property, see note in 40 L. R. A., 321.

Sharpton, deputy sheriff, acting under a distress warrant issued by the defendant Clara Guillebeaux, as executrix of the will of Alex Guillebeaux. The plaintiff alleged, in subtance, that the seizure was wrongful and unlawful, in that the defendant, Clara Guillebeaux, as executrix, had no legal right to distrain for rent falling due after her testator's death. In the answer it was admitted that the defendant Clara Guillebeaux "in distraining said·cotton acted in her official capacity as executrix of the last will and testament of the said Alex Guillebeaux, deceased." On the trial, in response to a question from the Court, Clara Guillebeaux, the executrix, testified that Alex Guillebeaux had left his property to be divided between his children and herself, the wife, but had left the rent to her. Upon the foregoing undisputed facts as to the only issues raised, the presiding Judge refused a motion for the direction of a verdict in favor of the plaintiff and directed a verdict for the defendants. From judgment thereon, the plaintiff appeals.

The sole question presented is whether the personal representative of a deceased landlord has the right to assert and enforce the remedy of distress, for rent accruing or falling due after the death of the landlord. Investigation reveals, contrary to the writer's first impression, that the law in this jurisdiction requires that the question be answered in the negative. Even for rent accrued or due at the date of the decedent's death—a chose in action, the title to which unquestionably vests in the personal representative—an executor or administrator may not distrain. In the case of *Bagwell v. Jamison,* Cheves, 294 (1840), the law in this state was thus declared:

"At common law, neither the heirs, executors, nor administrators of a man seized and entitled to rents, had any remedy for the arrearages incurred in the lifetime of the owner of such rents. (Co. Lit., 162, a.) For remedy whereof the stat. 32 Hen. 8, c, 37, provided that the executors and administrators might distrain for rents due their

testator or intestate, at the time of the death, upon the land charged with the rent; and a later statute, in England, in the time of William IV, has been found necessary further to extend this right of the representatives of a deceased landlord. But the stat. of 32 H. 8, has never been made of force here, either expressly by the Legislature, or by necessary implication; nor am I aware of any judicial decision by which it has been held to be of force, as other English statutes have been, especially on the subject of rent; and sometimes, perhaps, without sufficient reason. The remedy by distress is a rigorous proceeding, often harsh in its operation, not congenial to the spirit of our institutions and government, and not to be extended beyond the clear and settled limits, except by express enactments of the Legislature."

That the Statute 32 Henry VIII, c. 37, extending the right of distress for rent to and against executors or administrators, could not be regarded as of force in this state, was again expressly declared in *Salvo & Wade v. Schmidt*, 2 Speers, 512 (1844), in which case Judge Butler as the organ of the Court said:

"The statute never has been adopted expressly by any legislative act of South Carolina. It is not enumerated as one of the English statutes that have been made of force here; and in the case of *Bagwell v. Jamison*, Judge Earle says: 'It never has been adopted here, either expressly by the Legislature, or by necessary implication'; and I am under the impression, though he does not expressly say so, that Judge Wardlaw, in his thorough examination of the English statutes in relation to rents, in the case of *Rogers v. Brown & Sharlock*, 1 Sp., 285, came to the same conclusion."

See *Rogers v. Brown*, 1 Speers, 283; 24 Cyc., 1293.

The law as thus clearly and expressly announced has not, so far as we are aware, been disapproved or questioned in any subsequent adjudication. In *Reid v. Stoney*, 1 Strob.,

182, where the will vested the executor with power to lease lands, to receive the rents, and to divide them, the opinion was expressed by Judge Evans that the executor would have a right to distrain; but the expression was really an *obiter dictum,* as the right of the executor to distrain was not there involved. In the case of *Stewart v. Gregg,* 42 S. C., 392, 20 S. E., 193, in holding that a purchaser of premises under lease could not distrain for rent due him after his purchase in the absence of evidence that the tenant had attorned to him, Mr. Justice McIver said:

"The remedy by distress, like an attachment, is a very stringent proceeding, and the Courts will always require a strict compliance with the requirements of the law. Indeed, there is more reason for this in.a case of distress than in an attachment, for in the former the proceeding is by the act of the party interested, while in the latter the interposition of an officer of the Court is required."

See *Jacks v. Smith,* 1 Bay, 315; *Smith v. Sheriff of Charleston, etc.,* 1 Bay, 443. If, therefore, in the face of the very clear declaration of the law contained in the early decisions referred to, the Legislature of the state has not seen fit to confer upon executors and administrators the right to distrain for rent due their decedents, the presumption must be indulged that the right has been deliberately and advisedly withheld by the lawmaking power of the state. Possibly a reason for not extending this extraordinary remedy to an executor is to be found in the consideration that a landlord because of his ownership of the property may generally be supposed to be financially responsible, whereas such financial responsibility in an executor, who usually acts without bond, is not to be presumed. We have found no statute conferring this authority either in express terms or by necessary implication. See generally as to statutory changes *Bender v. Ross,* 51 S. C., 217, 27 S. E., 627, 28 S. E., 401. In the circumstances, the law as de-

clared in *Bagwell v. Jamison, supra,* should be changed, if at all, by the Legislature and not by the Courts.

If the personal representative has no authority to distrain for rent due at the landlord's death, it follows that he has no such authority as to rents accruing after the decedent's death. Even the enabling provisions of 32 Henry VIII, c. 37, seem to have extended merely to rent which fell due before the decedent's death. *Wright v. Williams,* 5 Cow. (N. Y.), 338. The foregoing conclusion follows not only for the reason that the right of distraining for rent has not been conferred on the personal representative of the landlord, but for the further reason that the common-law rule that, if the landlord dies intestate before the rent becomes due, the rent goes to the heir, and, if the landlord dies testate, the rent goes to the devisee, still prevails in this state. In the case of *Huff v. Latimer,* 33 S. C., 255, 11 S. E., 758, it was expressly held that the statute, now Section 3633, Civil Code 1912, providing that crops on lands of a person dying after March 1st in any year should be assets in the hands of the personal representative of the deceased, did not abrogate or modify the common-law rule as to rents. Hence in the case at bar, in the absence of power expressly conferred by the will, the right to collect and enforce the claim for rent was in the devisees and not in the executrix. *Huff v. Latimer, supra.*

If, however, the rent in question was "left" to the executrix, Clara Guillebeaux, as a legatee under the will, the right to collect it as an asset of the estate and apply it upon the legacy was possessed by her as executrix and not as legatee. Unquestionably, she had, in that state of the facts, as personal representative of the deceased landlord, the right to collect and enforce the claim for rent, but not, as we have seen, the right to resort to the landlord's remedy of distress. It is admitted that she distrained the cotton as executrix, and the validity of the seizure must be tested by her right to act in that capacity. Even if the claim

for rent could be considered as having been transferred and assigned by herself as executrix to herself as legatee, as assignee of such a chose in action, it would seem that she would have been in no better position to assert and enforce the remedy of distress, since "mere assignment of the rent unpaid does not carry the right to distrain." 24 Cyc., 1291; *Hutsell v. Paris Deposit Bank,* 102 Ky., 410, 43 S. W., 469, 19 Ky., Law Rep., 1481, 39 L. R. A., 403; and see, generaly, *Stewart v. Gregg, supra.*

The plaintiff's motion for a directed verdict should have been granted. The judgment of the Circuit Court is reversed, and the cause remanded for entry of judgment for plaintiff under Rule 27 of this Court (90 S. E., xii).

Reversed.